FILED

2017 JUL 28  PM 3: 39

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 17-0404(A)-AB |
|---|---|
| Plaintiff, | **F I R S T** |
| v. | **S U P E R S E D I N G** |
| | **I N D I C T M E N T** |
| ARLAN WESLEY HARRELL,<br>  aka "soole,"<br>  aka "fritters,"<br>  aka "kronos,"<br>  aka "the dread king,"<br>JOHN RICHARD BRINSON JR.,<br>  aka "king,"<br>  aka "iamking,"<br>  aka "boyanal,"<br>  aka "devinelover,"<br>MOISES MARTINEZ,<br>  aka "johndoe,"<br>  aka "jd,"<br>  aka "jester jacky,"<br>  aka "docholidaybl," and<br>KEITH ALLEN LAWNICZAK,<br><br>          Defendants. | [18 U.S.C. § 2252A(g): Engaging in a Child Exploitation Enterprise; 18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. § 2251A(b): Obtaining Custody of a Minor For Purposes of Engaging in Sexually Explicit Conduct; 18 U.S.C. §§ 1591(a), (b)(1): Sex Trafficking of a Child; 18 U.S.C. § 1519: Destruction of Records in a Federal Investigation] |

     The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

A.  THE CHILD EXPLOITATION ENTERPRISE

1.  At all relevant times, defendants ARLAN WESLEY HARRELL, also known as ("aka") "soole," aka "fritters," aka "kronos," aka "the dread king" ("HARRELL"), JOHN RICHARD BRINSON Jr., aka "king," aka "iamking," aka "boyanal," aka "devinelover" ("BRINSON"), and MOISES MARTINEZ, aka "johndoe," aka "jd," aka "jester jacky," aka "docholidaybl" ("MARTINEZ"), were members of an Internet-based, members-only online forum, identified herein as "Website A," whose name is known to the Grand Jury, the purpose of which was, among other things, the production, advertisement, transportation, receipt, distribution, and possession of child pornography.  For purposes of this Indictment, the term "child pornography" is as defined in Title 18, United States Code, Section 2256(8)(a).  At all relevant times, Website A operated in Los Angeles County, within the Central District of California, and elsewhere.

2.  At all relevant times, Website A was dedicated to individuals who have a sexual interest in infants and young children ranging in age from birth to five years old.  Members could make "posts" to Website A, which included, among other things, the posting of previews of child pornography images and videos, links to child pornography, comments on child pornography posted by other members, and private messages within the site's structure from one member to another.  Website A provided specific instructions on how to post links to child pornography, including a list of authorized "Hosts," or file-sharing websites.  The member must have used an approved "Host" to provide the link to the child pornography files.  The member must have also ensured that the files were password-protected.

2

Website A was divided into sections, which included, among others, "Babies (0-1 yo)," "Toddlers (2-5 yo)," and "Fetish." These sections were, in turn, divided into "Boys" and "Girls."

3. At all relevant times, the rules of Website A, which were openly posted on the site, required prospective members to create a screen name and register an account. Website A members did not use their real names, but instead used screen names to mask their identities. Members who produce child pornography often displayed placards showing their screen names in the child pornography images they produced, in order to prove that they created the images, as opposed to obtaining them online or in some other manner, and to show they have access to the children. All members of Website A were encouraged to post images and videos of child pornography so that all members would have a massive and private library of child pornography available for viewing or download by members. Website A had more than 6,000 members.

4. At all relevant times, once approved, members were assigned a "rank" based on the extent of that member's participation on Website A, including the amount of child pornography the member shared on the forum. Some of the ranks include "VIP," "King of Producers," and "Club Member." In order to remain a member of the "VIP" / "Producers" subsection of the website, which contained additional content and was closed to lower-ranked members, members were encouraged to post child pornography that they produced at least once every 30 days.

5. At all relevant times, defendants HARRELL, BRINSON, and MARTINEZ were members of Website A.

6. Defendant HARRELL used the screen names "soole," "fritters," "kronos," and "the dread king," to participate on Website A. Defendant HARRELL joined Website A on or about February 12, 2016. Since that time, defendant HARRELL has made approximately 155 posts to other Website A users.

7. Defendant BRINSON used the screen names "king," "iamking," "boyanal," and "devinelover" to participate on Website A. Defendant BRINSON joined Website A on or about February 24, 2016. Since that time, defendant BRINSON has made approximately 249 posts to other Website A users.

8. Defendant MARTINEZ used the screen names "johndoe," "jd," "jester jacky," and "docholidaybl" to participate on Website A. Defendant MARTINEZ joined Website A on or about April 5, 2016. Since that time, defendant MARTINEZ has made approximately 83 posts to other Website A users.

9. At all relevant times, defendant KEITH LAWNICZAK ("LAWNICZAK") owned and resided at the residence where defendant BRINSON lived and where defendants BRINSON, HARRELL, and MARTINEZ sometimes produced child pornography intended for distribution on Website A. Specifically, defendants HARRELL and MARTINEZ would meet defendant BRINSON at defendant LAWNICZAK's residence to produce child pornography with minor children. In many of the produced images, defendants BRINSON, HARRELL, and MARTINEZ would display their Website A screen names on identifying placards next to the minor victims in order to demonstrate they had produced the files. On at least one occasion, defendant LAWNICZAK also used a minor victim to produce child pornography with an identifying placard shown in the photograph next to the minor.

B.   MEANS AND METHODS OF THE WEBSITE A CHILD EXPLOITATION ENTERPRISE

10.   Among the means and methods by which defendants HARRELL, MARTINEZ, and BRINSON and other Website A members conducted and participated in the conduct of the affairs of the Website A Child Exploitation Enterprise were the following:

a.   Members posted child pornography to Website A by following the specific, written instructions for posting previews and links to child pornography images and videos.

b.   Once a Website A member had made a post, any other member could comment on the post. For instance, a member could have posted a link to child pornography, and other members who viewed that child pornography could have entered posts discussing how much they like the file or requested that similar images be posted.

c.   Website A members communicated with one another extensively about their private collections of child pornography images, as well as their ongoing contact with children in the United States and abroad.

d.   Website A was dedicated to child pornography depicting children five years old or younger. For example, the website was divided into sections for "Babies" under the age of two years old and "Toddlers" between the ages of two and five years old. Members could also indicate other preferences, such as whether they preferred child pornography they refer to as "Hard-core" or "Soft-core." Website A also contained a section for "Fetish" images and videos of child pornography, which included depictions of children subjected to bondage and sadomasochism. Website A provided a list of "recommended sites" for those members also interested in trading child pornography depicting children older than five years old.

5

   e. Website A members must have followed security rules regarding remaining anonymous. In order to participate in Website A, for instance, members must have used a network that masked the Internet Protocol address of the user. The "Board Rules" further required that members not reveal any personal information about themselves or any other user. The purpose for these rules was to ensure that law enforcement did not discover Website A or uncover its members' activities.

   f. Website A members discussed security measures designed to cloak their illegal activities in secrecy, such as removing a member or suspending an account if they believed the member posed a risk of Website A being discovered. They also shared information about law enforcement's efforts to identify individuals trading in child pornography, and they discussed how to avoid the detection of their illegal activities by law enforcement.

## COUNT ONE

[18 U.S.C. § 2252A(g)]

1.  Paragraphs 1 through 10 of the Introductory Allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.  Between in or about February 2016, and continuing through in or about May 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants HARRELL, BRINSON, MARTINEZ, and LAWNICZAK, and others known and unknown to the Grand Jury, knowingly and willfully engaged in a child exploitation enterprise, that is, the commission of a series of felony violations enumerated in Title 18, United States Code, Section 2252A(g)(2), constituting at least three separate incidents and involving more than one victim. The felony violations committed by the defendants in concert with one another and the other members of Website A include, but are not limited to, the following:

C.  Defendant HARRELL

3.  On or about January 12, 2017, defendant HARRELL, using the screen name "soole," knowingly distributed child pornography, in that defendant HARRELL posted a message to Website A containing a link to approximately 20 images of child pornography, some of which depicted a prepubescent minor girl, approximately one year old, with her genitals exposed, in violation of Title 18, United States Code, Section 2252A(a)(2).

4.  Beginning on an unknown date and continuing to on or about February 20, 2017, defendant HARRELL knowingly used minor victim O.H., who was approximately one year old, to produce child

7

pornography, in violation of Title 18, United States Code, Section 2251(a).

5. On or about April 15, 2017, defendant HARRELL, using the screen name "soole," knowingly distributed child pornography, in that defendant HARRELL posted a message to Website A containing two preview images of child pornography as well as a link to videos of child pornography, that defendant HARRELL had produced using minor victim M.L., some of which depicted an adult male penis penetrating M.L.'s anus and ejaculating on M.L.'s buttocks, in violation of Title 18, United States Code, Sections 2251(a), 2252A(a)(2).

D. <u>Defendant BRINSON</u>

6. On or about February 28, 2016, defendant BRINSON, using the screen name "king," knowingly made a notice and advertisement seeking to receive child pornography, in that defendant BRINSON posted a message to Website A that requested another member to post specific videos of child pornography to the "rare section" of Website A, in violation of Title 18, United States Code, Section 2251(d)(1).

7. Beginning on an unknown date and continuing to on or about November 14, 2016, defendant BRINSON knowingly used minor victim N.W., who was approximately seven years old, to produce child pornography, in violation of Title 18, United States Code, Section 2251(a).

8. On or about June 10, 2017, defendant BRINSON, using the screen name "king," knowingly distributed child pornography, in that defendant BRINSON posted a message to Website A containing a link to a video of child pornography that depicted an adult male anally penetrating a toddler, in violation of Title 18, United States Code, Section 2252A(a)(2).

E.  **Defendant MARTINEZ**

9. On or about January 25, 2017, defendant MARTINEZ, using the screen name "johndoe," knowingly distributed, and made a notice and advertisement seeking and offering to distribute, child pornography, in that defendant MARTINEZ posted a message to Website A that contained an image of child pornography that depicted an adult male penis anally penetrating a small child, and which advertised additional child pornography, in violation of Title 18, United States Code, Sections 2251(d)(1), 2252A(a)(2).

10. On or about February 16, 2017, defendant MARTINEZ, using the screen name "johndoe," knowingly distributed child pornography, in that defendant MARTINEZ posted a message to Website A that contained a link to a child pornography video that depicted a minor boy lying on his back while being anally penetrated by an adult male, in violation of Title 18, United States Code, Section 2252A(a)(2).

11. Beginning on an unknown date and continuing to on or about February 16, 2017, defendant MARTINEZ knowingly used minor victim S.M., who was approximately two years old, to produce child pornography, in violation of Title 18, United States Code, Section 2251(a).

F.  **Defendant LAWNICZAK**

12. Beginning on an unknown date and continuing to an unknown date in 2017, defendant LAWNICZAK knowingly used minor victim N.W., who was approximately seven years old, to produce child pornography, in violation of Title 18, United States Code, Section 2251(a).

13. On or about September 24 and 25, 2016, defendant LAWNICZAK knowingly harbored, maintained, and benefited financially and by receiving anything of value from participation in a child sex

trafficking venture involving minor victim J.E., who was approximately three years old, knowing and in reckless disregard of the fact that J.E. had not attained the age of 18 years and that J.E. would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

## COUNTS TWO THROUGH TWELVE

[18 U.S.C. §§ 2251(a), (e)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant ARLAN WESLEY HARRELL, also known as ("aka") "soole," aka "fritters," aka "kronos," aka "the dread king," knowingly employed, used, persuaded, induced, enticed, and coerced the following minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(2)(A), knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce:

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| TWO | Beginning on an unknown date and continuing to on or about September 2, 2016 | K.J. |

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| THREE | Beginning on an unknown date and continuing to on or about September 13, 2016 | Ma.R. |
| FOUR | Beginning on an unknown date and continuing to on or about September 19, 2016 | A.O. |
| FIVE | Beginning on an unknown date and continuing to on or about September 20, 2016 | K.B. |
| SIX | Beginning on an unknown date and continuing to on or about October 11, 2016 | A.H. |
| SEVEN | Beginning on an unknown date and continuing to on or about October 11, 2016 | J.H. |

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| EIGHT | Beginning on an unknown date and continuing to on or about November 14, 2016 | J.E. |
| NINE | Beginning on an unknown date and continuing to on or about December 22, 2016 | M.R. |
| TEN | Beginning on an unknown date and continuing to on or about December 29, 2016 | K.W. |
| ELEVEN | Beginning on an unknown date and continuing to on or about February 20, 2017 | O.H. |
| TWELVE | Beginning on an unknown date and continuing to on or about April 22, 2017 | M.L. |

## COUNTS THIRTEEN AND FOURTEEN

[18 U.S.C. §§ 2251(a), (e)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOHN RICHARD BRINSON Jr., also known as ("aka") "king," aka "iamking," aka "boyanal," aka "devinelover," knowingly employed, used, persuaded, induced, enticed, and coerced the following minors to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce:

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| THIRTEEN | Beginning on an unknown date and continuing to on or about November 14, 2016 | K.W. |

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| FOURTEEN | Beginning on an unknown date and continuing to on or about November 14, 2016 | N.W. |

## COUNTS FIFTEEN AND SIXTEEN

## [18 U.S.C. §§ 2251(a), (e)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant MOISES MARTINEZ, also known as ("aka") "johndoe," aka "jd," aka "jester jacky," aka "docholidaybl," knowingly employed, used, persuaded, induced, enticed, and coerced the following minors to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce:

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| FIFTEEN | Beginning on an unknown date and continuing to on or about February 9, 2017 | G.C. |

| COUNT | DATES | MINOR VICTIM |
|---|---|---|
| SIXTEEN | Beginning on an unknown date and continuing to on or about February 16, 2017 | S.M. |

COUNT SEVENTEEN

[18 U.S.C. § 2251A(b)]

On or about September 24, 2016, in San Bernardino County, within the Central District of California, and elsewhere, defendant ARLAN WESLEY HARRELL, also known as ("aka") "soole," aka "fritters," aka "kronos," aka "the dread king," obtained custody and control of minor J.E. with knowledge that as a consequence of obtaining custody, the minor would be portrayed in a visual depiction engaging in and assisting another person to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), and with intent to promote the engaging in of sexually explicit conduct by such minor and the rendering of assistance by the minor to another person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the minor was transported in and affecting interstate and foreign commerce, and the offer was communicated and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

## COUNT EIGHTEEN

[18 U.S.C. §§ 1591(a), (b)(1)]

Between on or about September 24 and 25, 2016, in San Bernardino County, within the Central District of California, and elsewhere, defendant KEITH ALLAN LAWNICZAK, in and affecting interstate and foreign commerce, knowingly harbored and maintained by any means, and benefited financially and by receiving anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited by any means, minor victim J.E., who had not attained the age of 14 years, knowing and in reckless disregard of the fact that J.E. had not attained the age of 18 years and that J.E. would be caused to engage in a commercial sex act.

## COUNT NINETEEN

[18 U.S.C. § 1519]

On or about June 13, 2017, within the Central District of California, and elsewhere, defendant KEITH ALLAN LAWNICZAK knowingly altered, destroyed, mutilated, concealed, covered up, and falsified records, documents, and tangible objects, specifically, text messages, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department and agency of the United States, to wit, the Department of Homeland Security, Homeland Security Investigations.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

Scott Garringer
Deputy Chief, Criminal Division For:

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JUSTIN R. RHOADES
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

VANESSA BAEHR-JONES
Assistant United States Attorney
Violent and Organized Crime
Section