SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0511
     Facsimile: (213) 894-3713
     E-mail:    vanessa.baehr-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-0404(A)-AB-3 |
|---|---|
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER REGARDING PRIVACY OF CHILD VICTIM INFORMATION |
| v. | |
| MOISES MARTINEZ, | |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Vanessa Baehr-Jones, and defendant Moises Martinez ("defendant"), by and through his counsel of record, George C. Kasolas and Scott S. Furstman, hereby stipulate to, and respectfully request that the Court enter, the following protective order ("Protective Order") in this case:

   1.   On or about July 28, 2017, defendant was charged in the first superseding indictment in the case of United States v. Harrell, et al., CR 17-0404(A)-AB.

2. As part of its investigation in the above-captioned case, law enforcement personnel have collected information relating to child victims and/or witnesses, to include reports, forensic materials, and recordings, which the government seeks to provide defense counsel pursuant to Rule 16 of the Federal Rules of Criminal Procedure (although some of the material may exceed the scope of the government's discovery obligations).

3. The parties recognize that all materials that the government produces to the defense are solely for the use of defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing child victim information.

4. Title 18, United States Code, Section 3509(d) states:

(d) Privacy protection.--

    (1) Confidentiality of information.—

        (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

```
 1                    (B) Subparagraph (A) applies to--
 2                        (i) all employees of the Government connected
 3            with the case, including employees of the Department of
 4            Justice, any law enforcement agency involved in the case,
 5            and any person hired by the Government to provide
 6            assistance in the proceeding;
 7                        (ii) employees of the court;
 8                        (iii) the defendant and employees of the
 9            defendant, including the attorney for the defendant and
10            persons hired by the defendant or the attorney for the
11            defendant to provide assistance in the proceeding; and
12                        (iv) members of the jury.
13            (2) Filing under seal.--All papers to be filed in court
14            that disclose the name of or any other information
15            concerning a child shall be filed under seal without
16            necessity of obtaining a court order. The person who makes
17            the filing shall submit to the clerk of the court--
18                (A) the complete paper to be kept under seal; and
19                (B) the paper with the portions of it that disclose
20            the name of or other information concerning a child
21            redacted, to be placed in the public record.
22            (3) Protective orders.—
23                (A) On motion by any person the court may issue an
24            order protecting a child from public disclosure of the name
25            of or any other information concerning the child in the
26            course of the proceedings, if the court determines that
27            there is a significant possibility that such disclosure
28            would be detrimental to the child.
```

    (B) A protective order issued under subparagraph (A) may--

      (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

      (ii) provide for any other measures that may be necessary to protect the privacy of the child.

    (4) Disclosure of information.--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

  5. Wherefore, in order to permit the government to provide discovery material to defense counsel while avoiding the unauthorized dissemination of child victim information, the discovery that is produced will be subject to a Protective Order designed to protect the child victim information from inadvertent or unauthorized disclosure.  The Protective Order will include any discovery relating to child victims and/or witnesses, that is, written documentation, electronic data, photographs and audio and/or video recordings provided to the Defense Team, as defined below, including any copies of said discovery, which include, but are not limited to, paper or

electronic copies before or after the execution of the Protective Order.

6. For purposes of this stipulation, the term "Defense Team" refers to defendant and his respective counsel of record. "Defense Team" refers to the above-named counsel of record and any co-counsel specifically assigned to work on this case. Additionally, the term "Defense Team" includes any defense paralegals, investigators, employees, experts or translators hired by the counsel of record for any defendant to assist counsel with this case. "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this case or should another defendant's counsel be added to the Court's docket. "Defense Team" does not include family members and other associates of defendant.

7. The Defense Team is prohibited from directly providing access to child victim information to anyone not working on the defense of this criminal case.

8. The Defense Team shall maintain all child victim information received from the government in a manner consistent with the terms of this Protective Order and 18 U.S.C. § 3509(d). Child victim information produced to the defense shall be stored in a secure manner in defense counsel's offices. Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

9. Defendant and his attorneys are required to give a copy of this Protective Order to all individuals outside defense counsel's offices engaged or consulted by defense counsel in preparation of the trial in this case. Said individuals must agree in writing to be bound by the terms of this Protective Order before receiving any

child victim information in connection with this case.  The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

10.  The attorneys of record and members of the Defense Team may display and review child victim discovery materials with defendant. The attorney of record and members of the defense team acknowledge that providing copies of child victim discovery materials to defendant and other persons is prohibited, and agree not to duplicate or provide copies of this material to defendant and other persons.

11.  Nothing in this order should be construed as imposing any discovery obligations on the government or defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

12.  Any child victim information that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, pursuant to 18 U.S.C. § 3509(d).  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

13.  A recipient shall use materials designated subject to the protective order only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant

1 pursuant to 28 U.S.C. § 2255.  Upon the final disposition of this
2 case, any materials designated subject to the protective order shall
3 not be used, in any way, in any other matter, absent a court order.
4 All materials designated subject to the protective order maintained
5 in the Defense Team's files shall remain subject to the protective
6 order unless and until such order is modified by court order.  Upon
7 the conclusion of appellate and post-conviction proceedings, and upon
8 the consent of defendant, the Defense Team shall return the discovery
9 or certify that the discovery has been destroyed.

10     14.  All employees of the Government connected with the case,
11 including employees of the Department of Justice, any law enforcement
12 agency involved in the case, and all members of the Defense Team,
13 will comply with 18 U.S.C. § 3509(d).

14     15.  Title 18, United States Code, Section 403 states, "A
15 knowing or intentional violation of the privacy protection accorded
16 by section 3509 of this title is a criminal contempt punishable by
17 not more than one year's imprisonment, or a fine under this title, or
18 both."

19     16.  Counsel for defendant represents that he has discussed this
20 stipulation and proposed Protective Order with his client who
21 //
22 //
23 //

agrees to be bound by this stipulation and the proposed Protective Order, if executed by the Court.

    IT IS SO STIPULATED.

```
Dated: August 21, 2017         SANDRA R. BROWN
                               Acting United States Attorney

                               LAWRENCE S. MIDDLETON
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               VANESSA BAEHR-JONES
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA


Dated: August 21, 2017                /s/ with permission
                               GEORGE C. KASOLAS
                               SCOTT S. FURSTMAN

                               Attorneys for Defendant
                               MOISES MARTINEZ
```