SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0511
     Facsimile: (213) 894-3713
     E-mail:    vanessa.baehr-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-0404(A)-AB-3 |
|---|---|
| Plaintiff, | [PROPOSED] ORDER FOR PROTECTIVE ORDER REGARDING PRIVACY OF CHILD VICTIM INFORMATION |
| v. | |
| MOISES MARTINEZ, | |
| Defendant. | |

The Court having considered the stipulation of the government and defendant Moises Martinez ("defendant") with respect to the disclosure of information in discovery in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

1.   In order to permit the government to provide discovery material to defense counsel (hereinafter "Discovery") while avoiding the unauthorized dissemination of child victim/witness information contained or referenced in the discovery material (hereinafter "Sensitive Information"), the Discovery that is produced will be subject to this Protective Order designed to protect the Sensitive

Information from inadvertent or unauthorized disclosure, which disclosure the government believes could violate 18 U.S.C. § 3509(d).

    2.   Title 18, United States Code, Section 3509(d) states:

(d) Privacy protection.--

    (1) Confidentiality of information.—

        (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

        (B) Subparagraph (A) applies to--

            (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

            (ii) employees of the court;

            (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

            (iv) members of the jury.

1  (2) Filing under seal.--All papers to be filed in court
2  that disclose the name of or any other information
3  concerning a child shall be filed under seal without
4  necessity of obtaining a court order. The person who makes
5  the filing shall submit to the clerk of the court--
6     (A) the complete paper to be kept under seal; and
7     (B) the paper with the portions of it that disclose
8  the name of or other information concerning a child
9  redacted, to be placed in the public record.
10 (3) Protective orders.—
11    (A) On motion by any person the court may issue an
12 order protecting a child from public disclosure of the name
13 of or any other information concerning the child in the
14 course of the proceedings, if the court determines that
15 there is a significant possibility that such disclosure
16 would be detrimental to the child.
17    (B) A protective order issued under subparagraph (A)
18 may--
19      (i) provide that the testimony of a child
20 witness, and the testimony of any other witness, when the
21 attorney who calls the witness has reason to anticipate
22 that the name of or any other information concerning a
23 child may be divulged in the testimony, be taken in a
24 closed courtroom; and
25      (ii) provide for any other measures that may be
26 necessary to protect the privacy of the child.
27 (4) Disclosure of information.--This subsection does not
28 prohibit disclosure of the name of or other information

                concerning a child to the defendant, the attorney for the
                defendant, a multidisciplinary child abuse team, a guardian
                ad litem, or an adult attendant, or to anyone to whom, in
                the opinion of the court, disclosure is necessary to the
                welfare and well-being of the child.

3.  Title 18, United States Code, Section 403 states, "A knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both."

4.  The Protective Order will include any Discovery, that is, written documentation, electronic data and audio recordings provided to the Defense Team, as defined below, including any copies of said Discovery, which include, but are not limited to, paper or electronic copies before or after the execution of the Protective Order.

5.  For purposes of this Protective Order, the term "Defense Team" refers to defendant and his respective counsel of record, George C. Kasolas and Scott S. Furstman.  Additionally, the term "Defense Team" includes any defense paralegals, investigators, employees, experts or translators hired by the counsel of record for any defendant to assist counsel with this case.  "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this case or should another defendant's counsel be added to the Court's docket.  "Defense Team" does not include family members and other associates of defendant.

6.  Defendant and his attorneys are required to give a copy of this Protective Order to all individuals outside defense counsel's offices engaged or consulted by defense counsel in preparation of the

4

trial in this case. Said individuals must agree in writing to be bound by the terms of this Protective Order before receiving any child victim information in connection with this case. The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

7. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, Sensitive Information to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. For example, family members and other associates of defendant would not be permitted to receive or review copies of the materials disclosed by the government unless such disclosure is carried out pursuant to the terms of the Protective Order and the parties' stipulation.

8. The Defense Team shall maintain all Sensitive Information received from the government in a manner consistent with the terms of this Protective Order. Materials produced to the defense shall be stored by the Defense Team in a secure manner in defense counsel's offices. Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

9. Any child victim information that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain

sealed until otherwise ordered by this Court, pursuant to 18 U.S.C. § 3509(d).

10. The Defense Team shall not transfer, disseminate or send any of the Discovery produced by the government outside of the United States, except after complying with the procedures below. The parties agree that the Discovery will not be transferred, disseminated or sent outside the United States by the Defense Team without defendant's counsel of record (1) providing the government with ten days written advance notice of the Defense Team's intention to send any Discovery outside the United States <u>and</u> (2) obtaining a written order from this Court (based upon a regularly-noticed motion) that specifically authorizes the Defense Team to transfer, disseminate, or send any of the Discovery outside the United States.

11. The Defense Team shall use materials designated subject to the protective order only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by the defendant, and any motion filed by the defendant pursuant to 28 U.S.C. § 2255. Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the protective order maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by this Court. Upon the conclusion of appellate and post-conviction proceedings, and upon the consent of defendant, the Defense Team shall return the discovery or certify that the discovery has been destroyed.

12. Mr. Kasolas represents that he has discussed the signed stipulation and Protective Order with his client who agrees to be bound by the parties' stipulation and the Protective Order.

IT IS SO ORDERED.

Dated: _____

_____
THE HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

____/s/_____
VANESSA BAEHR-JONES
Assistant United States Attorney