SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0511
     Facsimile: (213) 894-3713
     E-mail:    Vanessa.baehr-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-0404(A)-AB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | PROPOSED TRIAL DATE:    3/13/18 |
| | PROPOSED PRETRIAL CONF:  3/2/18 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Vanessa Baehr-Jones, and defendants Arlan Wesley Harrell, by and through his counsel of record Deputy Federal Public Defender Pedro V. Castillo; John Richard Brinson Jr., by and through his counsel of record, Gregory Nicolaysen; Moises Martinez, by and through his counsel of record, George C. Kasolas and Scott S. Furstman; and Keith Allen Lawniczak,

by and through his counsel of record, Thomas T. Nishi, hereby stipulate as follows:

1.  The indictment in this case, which charged only defendant Harrell, was filed on June 27, 2017.  Defendant Harrell first appeared before a judicial officer of the court in which the charges in this case are pending on May 30, 2017.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Harrell on or before September 5, 2017.

2.  On July 28, 2017, the first superseding indictment in this case was filed, charging defendants Harrell, Brinson, Martinez, and Lawniczak.  Defendant Brinson first appeared before a judicial officer of the court in which the charges in this case are pending on July 21, 2017.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Brinson on or before October 6, 2017.  Defendant Martinez first appeared before a judicial officer of the court in which the charges in this case are pending on June 29, 2017.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Martinez on or before October 6, 2017.  Defendant Lawniczak first appeared before a judicial officer of the court in which the charges in this case are pending on August 21, 2017.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Lawniczak on or before October 30, 2017.

3.  The Court initially set trial dates of August 29, October 3, September 26, and October 17, 2017, for defendants Harrell, Brinson, Martinez, and Lawniczak, respectively.

4.  On August 28, 2017, the Court held a status conference during which counsel for all defendants requested a continuance of

the trial dates.  Upon that request, the Court vacated the current trial dates.  The parties discussed and agreed to a trial date of March 13, 2018, based on the Court and counsel's availability.  Defendants individually provided oral waivers of their rights under the Speedy Trial Act to be brought to trial before March 13, 2018.

5. All defendants are currently detained.

6. The parties estimate that the trial in this matter will last approximately two weeks.

7. By this stipulation, defendants move to continue the trial date to March 13, 2018.  This is the first requested continuance in this matter.  The government does not oppose this request.

8. The defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. On July 28, 2017, a federal grand jury returned a 19-count indictment charging defendants with various child exploitation offenses, including engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), which carries a mandatory minimum term of imprisonment of 20 years and a statutory maximum sentence of life imprisonment.  Defendant Harrell was also charged with obtaining a minor for purposes of engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2251A(b)(1), which carries a 30-year mandatory minimum sentence.

   b. Discovery in this case includes numerous audio and video recordings, investigative reports, financial and cell phone records, and forensic reports.  The government has already produced approximately 26 gigabytes of discovery.  Additionally, the government has made available for review at a government facility the

forensic report and extraction results, which contain child pornography and therefore cannot be produced, as well as the unredacted discovery, which also includes child pornography.

  c. The discovery in this case also includes sensitive and private information of child victims/witnesses, which is subject to the privacy protections of 18 U.S.C. § 3509(d).  Accordingly, the parties have filed stipulations requesting the Court to enter protective orders to prevent the unauthorized dissemination, distribution, or use of materials containing this sensitive information.  The government has segregated all child victim/witness discovery, which includes law enforcement reports, redacted forensic materials, and audio and video recordings of interviews, marked these materials as being produced pursuant to protective order, and is in the process of producing these materials along with the other discovery.

  d. In light of the amount of discovery in this case, counsel for defendants represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct a review of the forensic materials, conduct and complete additional legal research including that necessary to file any potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that pre-trial resolutions do not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e. On May 30, 2017, Deputy Federal Public Defender Pedro V. Castillo was appointed to represent defendant Harrell in this

4

case.  Mr. Castillo is presently scheduled for the following trials: United States v. Angel Miguel Pinedo, CR 17-477-DMG, a bank fraud conspiracy trial set for September 26, 2017, and estimated to last three days; United States v. Heng Lao Chieng, CR 15-369-R, a bank fraud and felon in possession of a firearm trial set for October 10, 2017, and estimated to last two to three days; United States v. Christy Ann Newsom, CR 17-486-PA, an access device fraud trial set for October 17, 2017, and estimated to last two to three days; United States v. Gerardo Hernandez Benitez, CR 11-677-RGK, a drug conspiracy trial set for October 17, 2017, and estimated to last two to three days; United States v. Jorge Rangel, CR 17-354-BRO, a drug trafficking trial set for October 24, 2017, and estimated to last two to three days; United States v. Joey Ixta, CR 17-272-ODW, a felon in possession of ammunition and firearm trial set for October 31, 2017, and estimated to last one to two days; United States v. Gagndeep Saini, CR 17-185-BRO, an access device fraud trial set for November 7, 2017, and estimated to last two to three days; United States v. Enrique Hernandez Miranda, CR 16-200-GW, a drug conspiracy trial set for November 14, 2017, and estimated to last three to four days; United States v. Marcus Terrell Fleming, CR 17-352-MWF, a possession of stolen firearm and felon in possession of firearm and ammunition trial set for November 28, 2017, and estimated to last one to two days; and United States v. Brent Chew, CR 17-49-RGK, an access device fraud trial set for December 5, 2017, and estimated to last two to three days.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      f.   On July 21, 2017, counsel Gregory Nicolaysen was appointed to represent defendant Brinson in this case.  Mr. Nicolaysen is presently scheduled for the following trials: <u>United States v. Sanchez, et al.</u>, CR 17-261-RGK, a narcotics conspiracy trial set for November 7, 2017; <u>United States v. Joseph Roh</u>, SA CR 14-167-JVS, a single-defendant manufacture of firearms trial likely set for November 14, 2017 (pending Court approval of parties' stipulation), and estimated to last three to five days; <u>United States v. Garza et al.</u>, CR 16-684, a narcotics conspiracy trial set for January 8, 2018; <u>United States v. Llamas, et al.</u>, CR 17-44, a narcotics and firearms trial set for January 30, 2018; <u>United States v. LePrinceton Burks</u>, CR 15-407-TJH, a multi-defendant production of child pornography trial set for January 30, 2018, and estimated to last one week; <u>United States v. Munoz</u>, CR 15-688, a narcotics conspiracy trial set for January 30, 2018; <u>United States v. Ashley, et al.</u>, CR 17-393, a firearms trial set for February 20, 2018; <u>United States v. Elenese, et al.</u>, CR 17-203-DSF, a narcotics conspiracy trial set for March 13, 2018; <u>United States v. Romero, et al.</u>, CR 17-278, a RICO and narcotics conspiracy trial set for May 22, 2018; <u>United States v. Matosyan, et al.</u>, CR 17-480-PSG, a narcotics conspiracy trial set for August 28, 2018.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      g.   On or about August 18, 2017, counsel George C. Kasolas and Scott S. Furstman were appointed to represent defendant Martinez in this case.  Mr. Kasolas and Mr. Furstman are presently scheduled for the following trial: <u>People of the State of California v. Nikko Espinosa</u>, Case No. CR-17-01134, a multi-defendant homicide trial

estimated to last approximately four weeks. The initial trial date would have been set for within 60 days of defendant's arraignment on August 7, 2017; time has currently been waived. Accordingly, counsel represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

  h. On August 21, 2017, counsel Thomas T. Nishi was appointed to represent defendant Lawniczak in this case. Mr. Nishi is presently in trial in the case of <u>United States v. Howard, et al.</u>, SA CR 16-0029-CJC. Given the volume of discovery in this case and Mr. Nishi's on-going trial, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

  i. Defendants understand their rights under the Speedy Trial Act and agree to waive these rights. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

  j. The government does not object to the continuance.

  k. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

 9. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of August 29, 2017, to March 13, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without

7

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. The parties also stipulate and agree to the following proposed schedule provided that the Court is amenable to these dates:

| | |
|---|---|
| Pretrial Conference: | 3/2/18 |
| Deadline to File Motions: | 1/29/18 |
| Opposition(s) to Motions: | 2/12/18 |
| Replies in Support of Motions: | 2/19/18 |

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 15, 2017          Respectfully submitted,

                                   SANDRA R. BROWN
                                   Acting United States Attorney

                                   LAWRENCE S. MIDDLETON
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                          /s/
                                   VANESSA BAEHR-JONES
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA


Dated: September 15, 2017             /s/ *authorized by email*
                                   PEDRO V. CASTILLO
                                   Deputy Federal Public Defender

                                   Attorney for Defendant
                                   ARLAN WESLEY HARRELL


Dated: September 15, 2017             /s/ authorized by email
                                   GREGORY NICOLAYSEN

                                   Attorney for Defendant
                                   JOHN RICHARD BRINSON JR.


Dated: September 15, 2017             /s/ authorized by email
                                   GEORGE C. KASOLAS
                                   SCOTT S. FURSTMAN

                                   Attorneys for Defendant
                                   MOISES MARTINEZ

9

Dated: September 15, 2017        /s/ authorized by email
                                 THOMAS T. NISHI

                                 Attorney for Defendant
                                 KEITH ALLEN LAWNICZAK